C. S., Plaintiff-Appellant,

v.

R. J. S., Defendant-Respondent.

No. 34455.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 5, 1972.

**664**

Dempsey, Dempsey & McCarthy, Clayton, for plaintiff-appellant.

Padberg, Raack, McSweeney & Slater, St. Louis, for defendant-respondent.

SIMEONE, Judge.

This is an appeal by plaintiff-appellant Carol S. (hereinafter appellant) from an order of the Circuit Court of St. Louis County on September 22, 1971, modifying an original decree of divorce transferring primary custody of the two minor children of Carol S. and Robert S. to the defendant-respondent Robert S. (hereinafter respondent), and granting appellant temporary custody at certain specified times. The original decree had granted primary custody to the appellant.

After the appellant filed her amended motion to set aside the order of the court and to grant a new hearing, the court ordered additional testimony to be adduced. On December 6, 1971, after hearing the additional testimony, the court denied the appellant's motion and affirmed its order of September 22, 1971, respecting primary custody of the minor children.

Carol and Robert S. were divorced on February 11, 1965, and the appellant was awarded primary custody of the two sons of the parties, ages five and two at that time, and was awarded alimony and support money. On July 22, 1969, appellant filed a motion to modify the divorce decree and on August 18, 1971, filed an amended motion to modify, praying for an increase in the amount of child support, and an order modifying and limiting the amount and extent of the temporary custody of the minor children by respondent. The respondent filed a counter motion on July 1, 1970, praying that he be awarded primary custody of the minor children because of a change of condition. A hearing was held by the trial court on September 22, 1971. Much of the hearing dealt with the financial position of the parties, but the only issue to be determined on this appeal as raised by the parties is the propriety of the trial court's ruling on the matter of primary custody.

It was developed at the hearing that during the years 1968, 1969 and 1970, one Chester H., a married man, spent four or five nights a week in the appellant's apartment when the children were present. He would take meals with the appellant and the children, and in effect they were there as a family group. For all intents and purposes he lived in the apartment. On a few occasions the appellant, Chester and the children took trips together. In 1970 Chester moved out of the apartment and since then has visited the apartment once or twice a week and has spent the night

"Maybe once a month when the children were not home." The appellant lived in a two-bedroom apartment with her two sons. At the time of the hearing the two boys were eight and eleven years old. Appellant found "nothing wrong with that arrangement" or "nothing that would effect [sic] the morals of the children." Chester moved out of the apartment in 1970 because "my former husband was making such a stink out of it." Since 1970, about one year before the hearing on the motion to modify, the appellant has "not completely terminated" her relationship with Chester, but said "I do date other men."

Since the divorce the respondent has remarried and his present wife is a supervisor of nurses. His residence is large, he pays for the education of the boys and takes them to the doctor when needed. He admitted he knew of the relationship between his former wife and Chester immediately after the divorce and it was a matter of concern to him.

The appellant urges that the order of the trial court be reversed because the respondent knew of the relationship between appellant and Chester and he was aware of her activities before and after the divorce. She urges that the condition which the respondent complained of in his motion to modify was changed by Chester moving out of the apartment and was not to the detriment of the children but to their benefit. Appellant argues, therefore, that since the only change of condition which has occurred since the rendition of the decree of divorce is a change which benefits the children, the trial court erred in modifying the decree by transferring primary custody to the respondent. She urges there is no evidence that she is not a good mother to the children; their health is good, their personal habits are acceptable, nor is there anything in the record to suggest that they are being neglected in any way. Appellant contends she altered her life, by Chester moving out, to assist her children.

This is a court tried case. On appeal from an order modifying a decree of divorce the appeal is de novo and we are required to review the whole record and decide the case on its merits, according to the best interests of the children. At the same time we must give due and proper deference to the findings of the trial court, and his findings should be deferred to and not lightly disturbed unless the judgment is clearly erroneous. Rule 73.01(d), V.A.M.R. Rutstein v. Rutstein, Mo.App., 324 S.W.2d 760. It is our duty to review the whole record and decide the matter before us on the merits. We are mindful that the party seeking modification has the duty to show changed circumstances and conditions since the original decree, but the guiding star that overrides all and which must guide us throughout is that the best interests and welfare of the children must be served. Patterson v. Patterson, Mo.App., 375 S.W.2d 614. "The welfare of the [children] is the prime consideration in any adjudication of [their] custody, and the rights and claims of the contending parties, even parents, are matters of secondary importance." Stockton v. Guthary, Mo.App., 415 S.W.2d 308, 311. Modification is justified if the facts, circumstances or conditions require a change of custody in order that the best interests and welfare of the children may be promoted. In Kelch v. Kelch, Mo.App., 462 S.W.2d 161, 164 it is said that if conduct and deportment subsequent to the decree show that the best interests of the children would be served by a change of custody, such a situation in and of itself is such a change of condition as will justify the court's modification of the decree. Clearly the ages of the children must be considered and their increased ages and impressionability is of concern. Wood v. Wood, Mo. App., 400 S.W.2d 431. The years when young boys are approaching manhood are very important; years during which their character, morality and virtues are fully formed.

■ After a thorough examination of the record, we cannot say that the judgment and order of the trial court is clearly erroneous and we conclude that there is ample evidence to support the order of the court below. The trial court found that the best interests of the children would be served by transferring primary custody to the respondent and his judgment should be deferred to in the absence of a manifest abuse of discretion. The record shows that the respondent and his present wife are fit parents. The order transferring primary custody of the two boys to the respondent under these circumstances and granting temporary custody to the appellant at reasonable times was in the best interests and welfare of these children.

■■ The appellant urges that the order be reversed because the change of condition was for the benefit of the children and not to their detriment, and therefore the court erred in modifying the original custody decree. This argument is unconvincing. This change of condition is not one contemplated by the law and this argument ignores her conduct and its influence on her sons for their future development, regardless of how she views the morality of the situation. We do not pass judgment on morals; we are only concerned with the best interests and welfare of the children. The fact that the respondent did not seek a modification immediately, or his motive therefor, is really irrelevant to the issues to be decided.

This is one of those difficult cases in this society of changing mores. There is nothing in the record to indicate that the appellant does not care for the physical needs of the boys, and yet we cannot ignore the influence and example of her conduct upon and to these young, growing, impressionable boys.

The recent decision of the Kansas City District of the Court of Appeals, T——— v. T———, Mo.App., 483 S.W.2d 84, may at first glance seem at odds with the conclusion reached herein. Although the court there held that the mother was living in an adulterous relationship, the evidence disclosed that the father's home condition was such that it was not conducive to the welfare of the children. The appellate court there also affirmed the trial judge who held that it was to the best interests of the boys to stay with the mother. T——— v. T———, supra, does not rule the instant case. Neither is this case controlled by R——— v. R———, Mo.App., 482 S.W.2d 543, recently decided by this court. While it is recognized that "past moral lapses" do not in themselves make a parent unfit to have custody, the relationship in R——— v. R———, supra, was not as constant as the relationship of the appellant under the facts here.

The trial judge heard the evidence. He was in the position and had the opportunity to judge the credibility of the witnesses and the fitness of the parents to have primary custody of these children. His findings should not be lightly disturbed. We cannot say that his judgment was clearly erroneous. We believe that in view of all the evidence the judgment of the trial court was proper in awarding primary custody to the respondent and that the best interests of the children will be served by such order.

The order of the trial court granting primary custody to the respondent and granting the appellant temporary custody at certain times is affirmed.

SMITH, P. J., and DONALD E. DALTON, Special Judge, concur.