529 S.W.2d 423 (1975)
E. C. S., f/k/a E. C. L., Plaintiff-Appellant,
v.
J. D. L., Defendant-Respondent.
No. 35994.
Missouri Court of Appeals, St. Louis District, Division One.
August 5, 1975.
Motion for Rehearing or Transfer Denied October 22, 1975.
Application to Transfer Denied December 8, 1975.
*424 Newmark & Baris, Irl Baris, Kenneth H. Graeber, St. Louis, for plaintiff-appellant.
Bryan, Cave, McPheeters & McRoberts, Dennis C. Donnelly, St. Louis, for defendant-respondent.
WEIER, Presiding Judge.
This appeal arises from an order of the Circuit Court of the County of St. Louis modifying a decree of divorce.
On July 18, 1969 a decree of divorce was granted to the plaintiff-wife. She was also awarded the care, custody, and control of the three minor children born of the marriage. The defendant-husband was given visitation rights and temporary custody of the children and ordered to pay $200.00 monthly child support. A stipulation by the parties was also made part of the divorce decree in which the defendant had agreed to pay up to $1,000.00 medical and dental expense and $7,000.00 educational expense per year with provisions that the amounts might be increased.
In October of 1969, three months after the decree of divorce, the plaintiff was adjudicated incompetent by the Probate Court of St. Louis County, and a guardian for her person and estate was appointed. The actual physical custody of the three children remained with the defendant although their legal custody had been given to plaintiff. But on July 6, 1972 the decree of divorce was modified giving the defendant legal custody of the children "until July 1st next following a final judgment of restoration of the divorced wife * * * at which time * * * she * * * shall have the general care, custody and control of said minor children." The plaintiff's guardian was ordered to pay defendant $333.33 monthly in support of each child.
In April, 1973 defendant filed a motion to modify the 1972 decree, requesting that he be given custody of the children and to delete the provision to return their custody to plaintiff in July. Hearings on defendant's motion did not begin until August, *425 1973. But prior to this, on July 1, 1973, for the first time the children left their father to reside with their mother who had been restored in August of 1972.
On December 28, 1973 the order was entered which sustained the defendant's motion in part and denied it in part. Defendant was awarded custody of the oldest son, then fifteen years of age, and plaintiff was awarded custody of the two younger children, a girl, twelve, and a boy, nine. The order further provided that with an exception with respect to medical insurance, "neither party shall be obligated to pay the other any sum for the maintenance, support, care or custody of the minor children or for their medical, dental, orthodontic, psychiatric, educational, transportation, entertainment or other expenses of any kind." Additionally, the order granted each party temporary custody of all three children for various times during the year.
Plaintiff is before us contending the 1973 modification, which divided the children's general custody between the parents and ended all support payments and monetary obligations between each party, is error. The first point plaintiff relies on is that it was error to grant the defendant custody of the older boy because there was no proof of any change of circumstances to justify a modification of the 1972 order, or that plaintiff was an unfit mother, or that it was in the children's best interest to be separated.
Initially we must admit that the determination of the proper custody of children is not an easy or pleasant task. There are no fixed and clear rules to be followed; rather each case must be decided according to its own particular facts, always remembering the primary objective is to reach a result which is in the best interest and welfare of the children. Wood v. Wood, 400 S.W.2d 431, 436[1] (Mo.App.1966). Furthermore, we recognize that the determination of all factual issues in a proceeding on motion for modification of custody provisions of divorce decree on grounds of material changes in circumstances is initially vested in the discretion of the trial court, and its findings should be deferred to unless in conflict with the clear preponderance of the evidence and disclose a manifest abuse of discretion. Pelts v. Pelts, 425 S.W.2d 269, 270[4] (Mo.App.1968).
Defendant filed a bill of particulars in which he explicitly alleged changed circumstances had occurred since the 1972 order. The primary dispute revolved around the plaintiff's problem of alcoholism and whether in fact she still has one since her restoration. Most of the evidence on this point was from the three minor children, and their testimony was at best ambiguous and inconsistent. We see no useful purpose in making a permanent record of the details of this controversy. See Pelts v. Pelts, supra at 270[4]. In fact, in this case we largely discount the reciprocal charges of unfitness and misconduct which the parties have made. Obviously, each tends to magnify the other's faults. The law does not demand that parents be perfect, and the comparative merits are not substantial factors in this case since the trial court in fact found both to be fit parents when it awarded each one custody of a child. The real question is whether the trial court's award of custody best serves the interests of the children themselves. J. v. E., 417 S.W.2d 199, 203[1, 2] (Mo.App.1967).
Plaintiff correctly asserts that the party seeking modification of a custody provision has the burden to show a change in circumstances. See Gori v. Gori, 490 S.W.2d 282, 283[1] (Mo.App.1973); Wood v. Wood, supra, 400 S.W.2d 431, 436[2]; C. S. v. R. J. S., 488 S.W.2d 663, 665[2] (Mo.App.1972). But this burden must be viewed in the light of the best interest and welfare of the children. C. S. v. R. J. S., supra at 665[3]. The court is entitled to inquire very broadly to determine whether the previous decree serves the children's best interest in the light of actual experience and subsequent developments. J. v. E., supra, 417 S.W.2d at 203[4]. After the first modification, *426 plaintiff was restored. Defendant alleged in his subsequent motion a problem of alcoholism that continued after recovery of competency. Some evidence adduced supported this allegation. Such a problem has a vital effect on the best interest of the children. Such circumstances give rise here to a change of condition.
As to the separation of the children, we recognize that it has frequently been held that absent exceptional circumstances the children of divorced parents should not be separated. But it is clearly within the discretionary power of the trial court to make such a division if it is for the best interest of the children to do so. J. v. E., supra at 203[7-8].
The oldest boy is now sixteen years old, an age at which courts have generally noted the guidance and discipline of his father is most important. See J. v. E., supra at 204[10-12]; Meredith v. Krauthoff, 191 Mo.App. 149, 177 S.W. 1112, 1123 (1915). Additionally, the record demonstrates that the boy was not happy in the custody of his mother and voiced a preference to living with his father. Missouri law now specifically recognizes that the child's wishes are to be a relevant factor in the custody decision. § 452.375, RSMo Supp.1973. Although this statute was not yet in effect at the time of the decree in question (see § 452.415, RSMo Supp.1973), Missouri courts have long acknowledged the right of the trial court to consider and give controlling weight to the wishes of a minor child provided the child is sufficiently mature to formulate and express a rational opinion and desire as to its custody. Fenton, "The Minor's Rights in a Divorce Proceeding", 29 Mo.Bar J. 450 (1973). See Engler v. Engler, 455 S.W.2d 36, 41[5] (Mo.App.1970); J. v. E., supra, 417 S.W.2d at 203[5-6]. The boy was almost fifteen years old when he testified and the record demonstrates an extensive questioning by the trial judge so that the judge had ample opportunity to determine the boy's maturity and soundness of judgment as to his custody. Further, there was substantial testimony from the boy as well as other witnesses with respect to the friction that existed between the boy and his mother. The record also discloses that the older boy's school, friends, and interests differed from that of his sister and younger brother. The trial court's decision did not sever all family ties since, pursuant to the order, all three children are to have the benefit of being with each other at certain times of the year and liberal visitation rights are provided.
Plaintiff's second contention is that the trial court erred in refusing to award her any child support, contending defendant is legally responsible for their support and is able to provide for them.
Although § 452.340, RSMo Supp.1973, which requires both parents' financial resources to be considered, was not yet in effect at the time of the decree in question (see § 452.415, supra), in a situation where the financial assets and income of both parents is well balanced, ordering one parent to pay child support to another may be unreasonable and hence an abuse of discretion under former § 452.070, RSMo 1969. Williams v. Williams, 510 S.W.2d 452, 455[3] (Mo. banc 1974).
Furthermore, it is well established that in determining the amount of child support the trial court's determination will not be set aside unless there appears a clear abuse of discretion. Fugate v. Fugate, 510 S.W.2d 705, 706[5, 6] (Mo.App.1974). Here, a substantial portion of the record dealt with the financial status of each parent. The trial judge questioned both parties with respect to their income, assets, and expenses. Plaintiff admitted to a total net worth of about $2,000,000.00 and an annual income of $75,000.00, and the defendant estimated his total assets were valued at approximately $125,000.00 with a $48,000.00 annual income. Defendant's expenses have also increased since a remarriage in which he contributes to the support of two stepchildren. We find no abuse of discretion by the trial judge for not awarding *427 child support to the plaintiff in this case.
The final point raised on appeal is that the court erred in terminating contractual obligations of the defendant with reference to medical and educational expenses of the children because defendant had not asked for such relief and such obligations were not subject to court modification. The original decree of divorce in 1969 provided for the incorporation in the decree of the contract made between the parties. Thus, the contract, which in part concerned these expenses, became merged in the decree and thereafter the contracted provisions were to be enforced as an order of the court, and could be reformed or amended only by modification of the decree. Toth v. Toth, 483 S.W.2d 417, 422[6-7] (Mo.App.1972). More specifically, we have held that "where the object of the contract, and hence of the decree in which it is merged, is to provide for the welfare of a child of the divorced parties * * * no contract of the parties will be binding and no decree of the court immutable, but the one may be disregarded and the other modified from time to time as the welfare of the child may require." Jenks v. Jenks, 385 S.W.2d 370, 377[10] (Mo.App.1964).
Plaintiff cites several cases suggesting the proposition that a husband and wife have the right to contract between themselves and to settle and adjust all of their property rights, and courts have no right to disregard them. See e. g., Goulding v. Goulding, 497 S.W.2d 842 (Mo.App.1973); Gunnerson v. Gunnerson, 379 S.W.2d 861 (Mo.App.1964); Jenkins v. Jenkins, 257 S.W.2d 250 (Mo.App.1953). These cases, however, are relevant only to alimony and support and maintenance of the wife. Defendant correctly points out that once the issue of the welfare of the child has been submitted to the court's jurisdiction, the court shall make all orders requisite to that welfare, including provisions for the monetary support of the child, giving due consideration to the circumstances of the parties. Allen v. Allen, 433 S.W.2d 580 (Mo.App.1968). The record indicates that the trial judge could have found that if the defendant were to continue to be obligated for the educational and medical expenses for the two younger children not in his custody, he might be forced to divert funds from the use of his older son in his custody.
The trial judge was involved with this case from 1972 until 1974, and the transcript is voluminous. There has been no abuse of discretion and we cannot say that the interests of the three minor children would be best served by a different disposition of their custody and a change in the support order.
The judgment is affirmed.
DOWD and RENDLEN, JJ., concur.