Edward BRAND, Plaintiff-Respondent,

v.

Shirley BRAND, Defendant-Appellant.

No. 36794.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 2, 1976.

Thurman, Nixon, Smith, Howard, Weber & Bowles, Jeremiah Nixon, Dana Hockensmith, Hillsboro, for defendant-appellant.

Richeson, Roberts & Wegmann, Gasaway, Stewart & Schneider, John A. Schneider, Hillsboro, for plaintiff-respondent.

GUNN, Judge.

This appeal is from an order of the Jefferson County circuit court modifying child custody provisions arising out of a dissolution of marriage decree. The appellant-mother asserts that the trial court erred: 1) in failing to find that the respondent-father had committed fraud upon the trial court at the dissolution of marriage proceeding by providing the court with an incorrect address of the mother for the purpose of sending the ten day notice letter referred to in § 452.320(1) RSMo. Supp.1974; and 2) in disallowing evidence at the modification hearing touching on the father's fitness and which occurred prior to the dissolution hearing. We find no error and affirm the trial court's action.

After a rather tempestuous marriage, the mother and father of the children involved separated from their Imperial, Missouri home on or about February 15, 1974. The father took the couple's eight year old son from school and moved with him to live in St. Louis. The mother took the five year old daughter to live with her in Illinois.

There was no evidence that either party knew the address to which the other had moved, except that the father had sent some mail to the mother at her sister's address in Rosewood Heights, Illinois. The mother did not live at Rosewood Heights but had, in fact, moved to Alton, Illinois leaving a change of address card with the Imperial, Missouri post office listing her forwarding address at Alton, Illinois.

On April 9, 1974, the father filed a petition for dissolution of marriage in the Jefferson County circuit court. He also filed an affidavit of publication asserting that the address of the mother was unknown. On May 30, 1974, a hearing was held on the father's dissolution of marriage petition at which time he gave the following testimony regarding his knowledge of the mother's whereabouts:

"Q. What was that mailing address?

A. Route 3, Box 511, Imperial, Missouri.

Q. Is this the last known address you know about where Shirley Brand lived?

A. Yes, sir.

Q. Have I informed you it is necessary to send the ten day letter?

A. Yes, sir.

Q. Is this the best address you can provide?

A. It is the only one I have.

Q. If she has a forwarding address it would go on to her?

A. Yes, sir."

The trial court found the marital ligature of the mother and father to be irretrievably riven and dissolved the marriage, awarding custody of the two children to the father. The court noted that a question existed as to its jurisdiction over the daughter if she resided out of state. On May 31, 1974, the day after the dissolution hearing, the father filed a change of address card with the Imperial, Missouri post office for a St.

Louis address covering "E. J. Brand [father] and family." Afterward no mail was forwarded to the mother in Illinois from the Imperial address, including the § 452.320(1) ten day notice letter[1] which was returned to the Jefferson County circuit court unclaimed.

The mother subsequently filed a motion to modify the decree of the trial court as it related to the custody of the children and sought support and maintenance for the two children. A hearing was held on the motion to modify, and the trial court, obviously not insensate to its responsibilities and faced with a unenviable and distressing task, awarded custody of the daughter to the mother with child support. Custody of the son was awarded to the father. It is from the award of custody of the son to the father that the mother appeals.

On appeal, the mother charges that the father deliberately committed a fraud upon the court by stating that the best address known by him for the mother was the Imperial, Missouri address when he knew she did not live there, particularly since mail he had sent to the mother at her sister's home in Rosewood Heights, Illinois had apparently been forwarded to the mother. The mother asserts that with investigation the father could have obtained her correct address. The mother also charges that the fraud was compounded by the father's filing a change of address card with the Imperial post office for himself "and family" the day after the dissolution hearing; that such action was intended to keep the mother from receiving the § 452.320(1) ten day

notice letter. The father contends that inasmuch as he was awarded custody of the children, the phrase "and family" on the change of address card was intended to apply only to him and his two children; that he did not intend to interfere with mail directed to the mother, particularly since she had not been at the Imperial address since February.

At the modification hearing the father testified that he had harbored no intent to defraud the court regarding the ten day notice; that he had no knowledge of the mother's correct address. There was, in fact, no evidence to establish that the father did know the mother's correct address. The trial court specifically found that at the time of the dissolution hearing the father had no knowledge of the mother's residence and that there had been no fraud perpetrated on the court with regard to the ten day notice.

Our review of this court tried case is governed by Rule 73.01(3) V.A.M.R., which directs us to review the case on the law and the evidence, giving due regard to the trial court to have judged the credibility of the witnesses. *Wurtz v. Daniel Hamm Drayage Co.,* 530 S.W.2d 752 (Mo.App.1975); *Brunswick Corp. v. Briscoe,* 523 S.W.2d 115 (Mo.App.1975). And while Rule 73.01, as amended effective January 1, 1975, deleted the phrase "the judgment shall not be set aside unless clearly erroneous" as it previously appeared in Rule 73.01(d), the appellate courts are still admonished not to be "judicial second guessers" as to trial court findings.[2] *Morris v. Holland,* 529 S.W.2d

---

1. § 452.320(1) RSMo. Supp.1974 provides: "1. If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after considering the aforesaid petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken, and where one of the parties has not denied it the court shall cause to be deposited in the United States mail an envelope, certified or registered, deliver to addressee only, return receipt requested, and with

postage prepaid, (enclosing a notice to the party not denying that absent objection from said party being filed within ten days after date of mailing that a finding the marriage is irretrievably broken and an order of dissolution of the marriage may be entered of record) The failure of such party to receive such notice shall not impair the power of the court to enter an order dissolving the marriage or the validity of such an order;"

2. Even with the deletion of the "clearly erroneous" phrase from Rule 73.01, recent appellate court decisions still cling to the inter-

948 (Mo.App.1975). As stated in *Morris v. Holland,* supra, at 952:

"[T]hat when the decision depends upon the credibility of the witnesses and the weight of the evidence, an appellate court should generally defer to the findings of the trial court unless it is satisfied that they should have been otherwise."

■ Giving effect to the foregoing legal rubric and after a careful review of the record, we cannot say that the trial court erred or should have ruled otherwise in finding that respondent did not commit fraud upon the court in obtaining the dissolution of his marriage from appellant. There is sufficient evidence from which the trial court could have concluded that respondent's testimony concerning his knowledge of appellant's address as of May 30, 1974 was honestly given with no intent to commit fraud upon the court, and when respondent filed the change of address form, he did so without any purpose to prevent appellant from receiving notice of the dissolution action.

■ We also observe that § 452.320(1), relating to the ten day notice, is not jurisdictional, in that the fact that a party fails to receive such notice does not attenuate or affect the trial court's power to enter a dissolution of marriage decree or affect the validity of the court's order in that regard. Thus, the fact that the mother did not receive a ten day notice had no effect on the court's power to enter the dissolution of marriage order.

The mother's challenge to the purported fraud is also debilitated by the fact that she does not challenge the trial court's decree relating to the dissolution of the marriage—only the question relating to child custody. Yet, argument that fraud was committed on the trial court relating to the ten day notice would go to the entire decree, including the dissolution of marriage and not just that portion relating to child custody. The mother cannot properly argue that the dissolution decree may stand but that the custody award may not. Furthermore, the question of fraud in obtaining the dissolution would seem to have little or no relevance in determining the proper parties to have custody of the minor children.

The mother's second assignment of error is that the trial court at the child custody modification hearing improperly excluded relevant evidence, touching on the father's fitness, occurring prior to the date of the dissolution decree which was unknown to the court at the time of the dissolution hearing. The court stated that it would not allow substantive evidence of events regarding the father's fitness occurring prior to the date of the dissolution of marriage hearing. However, the trial court did allow substantially all of the evidence offered by the mother as it related to the conduct of the father, including testimony concerning events which occurred as many as eight years prior to the date of the dissolution decree. Thus, the court had for its consideration facts regarding the father's fitness unknown to the court at the time of the hearing on the dissolution of the marriage. The record contains substantial evidence that both children were properly cared for by the respective parents during the period of their separation and while each had one child. The court could reasonably conclude that the quality of care for each child would not be diminished in the future.

■ In matters involving the custody of minor children of divorced parents, there are no precise and inflexible rules to be applied in every instance. Each case must be decided on its own particular facts. But overriding all other considerations is the court's paramount concern of reaching the result which is in the best interests and

pretation that under Rule 73.01(3) the judgment of the trial court in a court tried case is not to be set aside unless clearly erroneous. *Farmers Alliance Mut. Ins. Co. v.*

*Reed,* 530 S.W.2d 470 (Mo.App.1975); *Ehrle v. Bank Bldg. & Equip. Corp.,* 530 S.W.2d 482 (Mo.App.1975); *Keokuk Investment Co. v. Doerhoff,* 530 S.W.2d 507 (Mo.App.1975).

welfare of the children. *E. C. S. v. J. D. L.,* 529 S.W.2d 423 (Mo.App.1975). The ruling of the trial court concerning the proper party to have custody, therefore, is "not to be lightly disturbed and will be deferred to unless the court is firmly convinced that the welfare of the children requires some other disposition." *Ackfeld v. Ackfeld,* 483 S.W.2d 614, 616 (Mo.App.1972). The appellate courts must proceed under the presumption that the trial court has considered all of the evidence and has decreed custody in what it believed to be the children's best interest. *E. C. S. v. J. D. L.,* supra.

■ Once custody has been fixed the court may make a modification only upon a showing of changed circumstances of the child or custodian as manifested by facts which have arisen since the prior decree or which existed at the time of the decree but were unknown to or concealed from the court. And even then modification may be made only where it is necessary to promote the welfare of the child. Section 452.410 RSMo. Supp.1974; *McFadden v. McFadden,* 509 S.W.2d 795 (Mo.App.1974); *J. L. W. v. D. C. W.,* 519 S.W.2d 724 (Mo.App.1975).

■ The evidence regarding the father's conduct prior to the dissolution hearing, particularly regarding conduct several years prior to the hearing, reveals some totally undesirable personality traits. But despite the evidence of the father's past unfavorable characteristics prior to the dissolution decree and not made available to the court at the dissolution hearing, there was ample evidence for the trial court to find that the father had and could properly care for the son. See *Glaves v. Glaves,* 523 S.W.2d 169 (Mo.App.1975). We believe that there was sufficient evidence for the court to find, as it did, giving effect to the tenet that the child's best interest predominates other considerations; that the father was fit to have custody of his son. *Meinking v. Meinking,* 529 S.W.2d 440 (Mo.App.1975);

*E. C. S. v. J. D. L.,* supra.[3] In view of the trial court's finding of fitness of the father during his period of custody of the son—for which there is substantial evidentiary support—cases concerning evidence regarding conduct of the parties prior to the first custody decree are not particularly apropos.

The evidence supports the conclusion of the trial court that the welfare of the children is met by the trial court's award of custody.

The modification decree is affirmed.

SIMEONE, P. J., and KELLY, J., concur.

---

**3.** See *In re Wakefield,* 365 Mo. 415, 283 S.W.2d 467 (banc 1955), *J. L. W. v. D. C. W.,* supra, *G. C. J. v. G. G.,* 510 S.W.2d 193 (Mo.App.1974), and *McFadden v. McFad-* *den,* supra, for a discussion of admissibility of evidence unknown to or concealed from the court at the time of a prior hearing or decree.