Mary Christine LeBEAU,
Respondent-Appellant,

v.

Arthur Lewis LeBEAU,
Appellant-Respondent.

Nos. 37851 and 38091.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 6, 1977.

Charles P. Todt, Lorraine W. Poscover, Todt, Hammer & Poscover, St. Louis, for respondent-appellant.

William R. Dorsey, Dorsey & Dorsey, St. Louis, for appellant-respondent.

STOCKARD, Special Judge.

After eighteen years of marriage and five children the marriage of Mary Christine and Arthur Lewis LeBeau was dissolved upon the petition of Mary Christine.

The petition for divorce was filed August 3, 1973. The husband was properly served but he filed no responsive pleading. However, he was personally present in court, but without counsel, on May 6, 1974 when a hearing was held on the wife's motion for child support and maintenance pendente lite. On October 4, 1974, the wife filed an amended petition in which she sought relief pursuant to the new Dissolution of Marriage Act, §§ 452.300–452.415 Laws of Missouri 1973. An alias summons was issued and served on the husband. No responsive pleading was filed. After sever-

al continuances, the case was set for trial on June 5, 1975. On that date the husband was not present, but the wife's evidence was received and the cause submitted. The court entered its decree of dissolution on August 1, 1975. On September 2, 1975 the husband filed a motion pro se to set aside and vacate the decree of dissolution, which was overruled. The husband has appealed, and his only point is that the trial court lacked jurisdiction to enter the decree of dissolution because it failed to comply with the requirements of § 452.320(1), which provides in its parts here material that "If * * one of the parties has * * * stated [that the marriage is irretrievably broken] and the other has not denied it, the court, after considering the * * * petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken, and where one of the parties has not denied it the court shall cause to be deposited in the United States mail an envelope, certified or registered, deliver to the addressee only, return receipt requested, and with postage prepaid, enclosing a notice to the party not denying that absent objection from said party being filed within ten days after date of mailing that a finding the marriage is irretrievably broken and an order of dissolution of the marriage may be entered of record. The failure of such party to receive such notice shall not impair the power of the court to enter an order dissolving the marriage or the validity of such an order; * * * "

The record before us is silent as to whether the notice provided for in § 452.320(1) was sent. In the motion to vacate the judgment it was alleged that "no such notice was mailed * * * by the Court," but that allegation does not prove itself, and there was no other proof.

In the Uniform Marriage and Divorce Act, from which much of the Missouri Dissolution of Marriage Act was taken, there is no provision comparable to the ten day notice provision in § 452.320(1). We find only one case in which the effect of the failure to comply with this provision has been considered. In Brand v. Brand, 534 S.W.2d 628, 631 (Mo.App.1976), this court stated: "We also observe that § 452.320(1), relating to the ten day notice, is not jurisdictional, in that the fact that a party fails to receive such notice does not attenuate or affect the trial court's power to enter a dissolution of marriage decree or affect the validity of the court's order in that regard." We agree with the rule announced in the Brand case, and in his brief to this court appellant-husband has presented no persuasive argument why that rule should not now be followed. Assuming the court did not mail the notice as contemplated, it was a procedural requirement and the failure to do so was not jurisdictional.

On February 3, 1976, the husband was ordered to show cause on February 18 why he should not be held in contempt for failing to comply with the decree of dissolution which, in ordering a distribution of the marital property, directed the husband to convey his interest in certain property to the wife. The decree also provided that the husband pay certain amounts to the wife as maintenance and child support. After at least one continuance the matter came up for hearing on March 28. The husband was present and was represented by counsel. The wife was not present. Her counsel explained to the court that she lived in Arkansas with her minor children and "could not be coming back every time," and offered in evidence an affidavit of the wife to prove non-compliance on the part of the husband. The court commented that Rule 55.28 provides for discretion in the court as to the proof in support of motions, and that it would "require oral testimony or deposition in this case." Counsel for the wife then requested a continuance for one day to arrange to have the wife present to testify, but upon the objection of husband's counsel that he would be "tied up pretty much all day tomorrow" the request was denied. Counsel for the wife then called the husband as a witness, but he refused to answer any question material to his failure to comply with the court's decree directing that he convey certain property to the wife on the basis that the answer would tend to incrimi-

**206**

nate him. He was not asked whether he had complied with that part of the decree directing the payment of money as maintenance and child support.

The wife has appealed, and her appeal and that of the husband were consolidated by this court.

 It is with some reluctance that we decline to rule that the trial court abused its discretion in refusing to consider the affidavit as proof of non-compliance on the part of the husband to convey to the wife his interest in specified property. Although the trial judge hearing the motion for contempt was not the trial judge who entered the decree of dissolution, the decree was a part of the court file and the issue was simply whether the husband had executed the required conveyances. He either had or he had not. However, before the husband could be held in contempt for failure to pay sums of money decreed by the court, the court was to satisfy itself as to the requirements set forth in *Teefey v. Teefey*, 533 S.W.2d 563, 566 (Mo. banc 1976), where it is stated that "Before ordering imprisonment [in a contempt proceeding for failure to pay maintenance or child support] trial courts should be convinced that the person is financially able to make the required payment or that he was intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders." There was no such proof.

We affirm the judgment in both appeals. But the wife may again move that the husband be cited for contempt if he still has failed to comply with the decree of dissolution. This case, with many continuances, has been in the courts now for over four years, and in the event further proceedings are necessary it is hopefully expected that the trial court will not tolerate uncalled-for delays that could operate to the detriment of innocent minor children.

SIMEONE, C. J., and HOUSER, Special J., concur.