In re David Leroy Kern REIFF, Debtor.

**Leesa Ann REIFF, Plaintiff,**

v.

**David Leroy Kern REIFF, Defendant.**

Bankruptcy No. 93–43051.
Adv. No. 94–4002.

United States Bankruptcy Court,
W.D. Missouri,
Kansas City Division.

April 7, 1994.

Theodore D. Barnes, Independence, MO, for plaintiff.

Larry G. Chipman, Independence, MO, for debtor/defendant.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff asks this Court to find that the obligation of her ex-husband, debtor/defendant ("debtor"), to indemnify her from certain marital obligations is non-dischargeable in debtor's Chapter 7 bankruptcy. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that at the time of the dissolution the parties intended the indemnification to be in the nature of maintenance, and that such obligation is therefore non-dischargeable.

*FACTUAL BACKGROUND*

The parties were married on February 14, 1984. Two children were born of the marriage, a daughter born July 17, 1984, and a son born December 25, 1987. The parties executed a Separation Agreement and Property Settlement (the "Agreement") on October 25, 1989. At the time of such Agreement both debtor and plaintiff were jointly obligated on the following debts:

| | |
|---|---|
| Raytown Clinic: | $ 288.00 |
| Dr. Sheahon: | $1,815.00 |
| Children's Mercy Hospital: | $ 781.00 |
| Research Medical Center: | $ 695.55 |
| Research Medical Center: | $2,751.00 |
| Radiological Chartered: | 20.00 |
| Commerce Bank: | $5,000.00 |
| Snap on Tools: | $1,700.00 |

As to the above referenced debts, the Agreement provides as follows:

The Husband agrees to keep said obligations current and to indemnify the Wife from payment thereof and from any attorneys fees and court costs she may incur in defending any cause of action which may arise out of Husband's nonpayment of said obligations. Husband agrees that his payment hereof is in lieu of a support obligation to Wife and that his obligation to indemnify Wife hereunder shall not be dischargeable in U.S. Bankruptcy Court.

Pl.Exh. # 2, page 9. Debtor has now discharged his obligations to these third-party creditors. However, since plaintiff remains liable on such debts, she asks the Court to enforce the terms of the Agreement by finding the debtor's obligations under the indemnification agreement nondischargeable as to her.

On November 21, 1989, the Circuit Court of Jackson County, Missouri entered a Decree of Dissolution of Marriage (the "Decree") incorporating the terms of the Agreement. Both the Agreement and the Decree provide that both parties waive periodic maintenance. *See, Id.* at page 10; Pl.Exh. # 1, page 2. The parties agreed that they would have joint legal custody of the two minor children and that the physical custody of the children would be with plaintiff. *See Id.* at page 3. Debtor was ordered to pay $432.00 per month in child support beginning November 15, 1989.

*DISCUSSION*

The obligations involved here were not, at the time of the Agreement, continuing obligations which needed to be paid to make necessities of life available to plaintiff or her children. The medical bills and attorney's fees had already been incurred. And the vehicle on which debtor was to make payments was used by him, not her, so his making of car payments would not have provided a support function to her. For those reasons, absent a clear expression of the parties to the contrary, it would appear that these obligations would not be for maintenance or support. This conclusion is buttressed by the fact that both parties waived periodic maintenance in the Agreement and Decree. *See In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983). As a consequence, plaintiff would continue to be obligated to these creditors, and debtor's obligation to them,

and her, would be discharged. If she wished to also be free of these obligations, a Chapter 7 filing by her would presumably result in a discharge of them. And, since none of the obligations secure any property needed by her on an ongoing basis, a Chapter 7 filing would not harm her in that respect.

Instead of dealing with the situation by filing her own Chapter 7, debtor has chosen to enforce the indemnification provision in the Agreement. The Bankruptcy Code ("Code") provides that debts in the nature of maintenance are excepted from discharge. 11 U.S.C. § 523(a)(5). In determining whether a debt is in the nature of maintenance, courts look first to the intent of the parties. *Boyle v. Donovan (In re Boyle),* 724 F.2d 681, 683 (8th Cir.1984); *Rice v. Rice (In re Rice),* 94 B.R. 617, 620 (Bankr. W.D.Mo.1985). The indemnification provision in the Agreement clearly states the intent of the parties, namely that debtor's obligation to indemnify and hold plaintiff harmless was intended by the parties to be in lieu of support. Plaintiff, who had formally requested maintenance prior to the hearing in state court, specifically recalls discussing with her counsel that she would give up her claim for maintenance in exchange for debtor's agreement to pay these debts, and indemnify and hold her harmless for them. Debtor does not recall any discussion of this provision with his counsel or with plaintiff. However, debtor did voluntarily sign the agreement, which is a clear expression of the party's intent. Since I am obligated to enforce that intent, the debtor's obligation to indemnify and hold plaintiff harmless is non-dischargeable.

Although the indemnification obligation has been found non-dischargeable, certain issues might arise concerning the effect of that finding. Unless debtor's income increases dramatically it is doubtful that he will have funds available to pay these obligations and also keep his child support current. Plaintiff claims she cannot afford to pay these obligations either. If plaintiff attempts to use the state courts to enforce the indemnification provisions without first paying these obligations herself, there is a risk of protracted litigation serving no purpose, but simply providing an emotional outlet for two people who should, instead, be getting on with their lives.

After debtor's discharge, plaintiff will still be liable, as a co-debtor, on the debts Mr. Reiff voluntarily assumed in the Agreement, even though he promised to indemnify plaintiff and hold her harmless. A right to indemnity is the right to be reimbursed to the extent a party is actually required to repay certain creditors. *In re Harke,* 24 B.R. 645, 649 (Bankr.E.D.Mo.1982). Although plaintiff has an inchoate right to pursue debtor for the amount of such debts, that right does not become choate until such time as plaintiff actually pays the obligations. *In re Maune,* 133 B.R. 1010, 1014 (E.D.Mo. 1991); *In re Horton,* 69 B.R. 42, 45 (Bankr. E.D.Mo.1986); *In re MacDonald,* 69 B.R. 259, 278 (Bankr.D.N.J.1986); *In re Harke* at 649. Therefore, plaintiff may only enforce the non-discharged indemnification obligation to the extent she, in fact, pays the debts subject to such obligation.

Another concern is whether debtor can be held in contempt of court if he fails to reimburse plaintiff for any obligations she actually pays. Under Missouri law, a person who fails to pay a court-ordered support obligation may be found in contempt of court. Mo.Rev.Stat. § 452.345 (1978). However, contempt is generally found only if the offending spouse is financially able to pay the support or has intentionally placed him or herself in a position so as not to be able to follow the court's orders. *Thummel v. Thummel,* 609 S.W.2d 175, 183 (Mo.Ct.App. 1980); *LeBeau v. LeBeau,* 556 S.W.2d 204, 206 (Mo.Ct.App.1977); *Stanhope v. Pratt,* 533 S.W.2d 567, 575 (Mo. banc 1976). Given the debtor's current situation, doubt certainly exists as to whether he is now financially able to indemnify plaintiff should she, in fact, pay any of these obligations. However, that is a matter left to the state court in the event a contempt motion is filed at a later date.

An Order will be entered this date, finding the indemnification obligation non-discharge-

able to the extent stated in this Memorandum Opinion.