MARGUERITE McKITTERICK, RESPONDENT, v. WILLIAM J. McKITTERICK, APPELLANT.

Kansas City Court of Appeals.   May 22, 1933.

*McCune, Caldwell & Downing* for respondent.

*Luther Adamson* for appellant.

SHAIN, P. J.—This is an appeal from the orders of the circuit court touching the custody of minor children.

The facts are that Marguerite McKitterick, respondent herein, at the December term, 1931, of the Circuit Court of Cass County, Missouri, was granted a decree of divorce from William John McKitterick and at that time the court made the following decree touching the minor children.

"It is further ordered, adjudged and decreed that the plaintiff have the custody of the children born of this marriage, viz.: William John McKitterick, Jr., now four years of age, and George Franklin McKitterick, now about nine months of age, during the respective

minorities of said children, and that the defendant pay to the plaintiff for the support and maintenance of said children the sum of twenty dollars ($20) per month, payable on or before the 10th day of each month, beginning December, 1931, until further order of this court.''

The defendant, appellant herein, on March 22, 1932, filed a motion to modify the above decree. This motion was taken up and heard by the court on October 4, 1932, and the following entry of decree was had, to-wit:

''Now on this day this cause came on to be heard upon the motion of defendant for an order changing the order heretofore made concerning the custody of the children of the parties, the parties appeared in person and by counsel and the court being well advised in the premises, the court finds that there has been no change in the *status* of the parties of said children since the decree entered December 3, 1931, sufficient to warrant at this time immediate permission to defendant to visit with or have the company of said children, or either of them, and the court further finds that it is for the best interests of said children, William John McKitterick and George McKitterick, and each of them, that the sole and exclusive custody of said children remain in plaintiff, without right on the part of defendant to visit them or have them in his company, and that defendant's said motion be overruled.

''Wherefore, it is ordered, adjudged and decreed that defendant's motion aforesaid be and it hereby is overruled and that, except as hereinafter ordered, the sole and exclusive custody of said children be and remain in plaintiff without right on the part of defendant to visit or have said children or either of them in his company; all as was intended by the judgment and decree heretofore entered in this cause on the 3rd day of December, 1931.

''And now on the court's own motion and upon the considerations stated in the remarks of the court preceding entry of this order, it is further ordered, adjudged and decreed that beginning at the end of the present public school term at Pleasant Hill, Missouri, in the spring of 1933, and continuing through the 1933 school vacation period, unless otherwise ordered, the defendant may visit with or have William John McKitterick, Jr., in his company between the hour of nine o'clock A. M. and six o'clock P. M. on the second and fourth Saturdays in each month, provided he does not remove said child beyond Jackson and Cass counties, Missouri, provided he pays to plaintiff for the support of said child $10 per month during the period this order is in force, and provided he does not molest or interfere with plaintiff's peace or call at her home. Counsel may agree upon a place in Pleasant Hill, Missouri, where defendant may call for and return said child on the Saturdays above mentioned, failing which the court will hereafter designate such place.''

From this order and decree the defendant duly appealed and same was duly sent to this court for review.

In matters of divorce the question of the custody of minor children rests largely in the discretion of the trial court. [In re Kranthoff, 191 Mo. App. 149.]

Unless it appears from the record that the trial court has failed to use wise discretion, the appellate court will not disturb orders made concerning the custody of children.

In divorce matters the trial court retains its jurisdiction as to the matter of custody of minor children involved in divorce proceedings and upon motions for rehearing, the knowledge gained by the trial court in the hearing of the case is of material assistance in reaching a conclusion on a rehearing.

In this case, as it is prosented to us on appeal, there is very little evidence before us from which to judge of the fitness of the parties to have custody and very little evidence to guide us in the controlling feature in such cases to-wit; the welfare of children. Appellate courts are not in a position to review the action of the trial courts in such matters in the absence of evidence. [Gorka v. Gorka, 222 Mo. App. 1033.]

The appellant, in his brief, lays much stress on some of the extemporaneous expressions of the court made before making the order complained of in this matter.

There was no request made for a finding of facts. Voluntary statements of a court of the consideration of facts that lead to its conclusions are not a controlling factor on appeal for the reason that these statements are but expressions of the court's attitude concerning the question in hand and forms no part of the order made by the court in the case. [Krieger v'. Rozier Inv. Co., 253 S. W. 483; Crowell-Spencer Lumber Co. v. Hill, 242 S. W. 227.]

The appellant cites Jones v. Jones, 279 S. W. 153, and other cases on the proposition of well-established law to the effect, that where there are not provisions made in a decree, touching the custody of minor children, the parents are entitled to visit them.

In the case at bar the custody of the children in the divorce proceeding was given to the mother without qualification. In the orders made by the court on rehearing, express provisions are made as to the custody and visitation.

We conclude that the court, with the facts to hand, acted with sound discretion in the matter.

The judgment is affirmed. All concur.