**Kenneth Andrew PAYNE, Plaintiff-Appellant,**

v.

**Josephine Ann PAYNE, Defendant-Respondent.**

**No. 24256.**

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Skelton & Bradley, Lexington, for appellant.

D. W. Sherman, Jr., Lexington, for respondent.

**BROADDUS, Special Commissioner.**

Plaintiff-Appellant filed his petition for divorce alleging general indignities and also that defendant had committed adultery. An Answer and Cross-Bill were filed by defendant. The Answer denied the allegations contained in plaintiff's petition and the Cross-Bill alleged various acts constituting general indignities. The trial court found plaintiff to have been the innocent and injured party and granted him a decree of divorce. Defendant was granted the care, custody and control of their minor children with reasonable visitation rights to plaintiff. This appeal was taken by the plaintiff on the issue of child custody only.

The parties were married on August 7, 1953, and lived together until their separation on January 26, 1964. There were two children born of the marriage, a boy on October 5, 1955, and a girl on August 25, 1956.

The plaintiff has had custody of the children since February 12, 1964, following the separation. Plaintiff, after the divorce, moved in with his sister, and not counting himself and the children, five people lived there. Later, he moved to his mother's home where eight people lived, and, later, moved again. A twenty year old sister was taking care of the children at the time of the trial.

Defendant testified that, at the time of the trial, she was living with her father and mother at Napoleon, Missouri; that her parents' home is a two story four bedroom, fully modern home, and is located about one-half block from the public school; that she loves her children and wanted custody of them; that she was not then employed, and that, at the times she has had custody of the children since the separation, they have attended Sunday School. She told the Court that, in the event she was granted custody of the children, her plan was that she and the children would live in the home of her parents.

Mr. David H. Wolf, defendant's father, testified that he was 64 years of age and a retired Government employee; that he lived in Napoleon and in his own home since 1935; that if the Court awarded defendant custody of the children they would be "absolutely" welcome in his four bedroom home; that the children were frequently in his home prior to and during the separation. Mr. Wolf further said that he had been in defendant's home frequently; that the children were well kept and defendant was a good mother. He further told the Court that his 41 year old retarded son was not, in any way, dangerous to the children.

Mrs. Anna Wolf, mother of defendant, testified that defendant had been living in her and her husband's home for the past few months, and, before the separation, she took care of the children a lot while defend-

ant worked; that she cared for the children not only in her own home but also in the home of plaintiff and defendant; that defendant showed a natural mother's love for the children, took good care of them; that they were clean and well fed. Mrs. Wolf further told the Court that plaintiff never made any complaint relative to the children when she cared for them.

Mrs. Wolf is employed at the Napoleon School, located one-half block from her home. She leaves for work at 8:30 a. m. and returns home at 2:00 o'clock in the afternoon. She testified that this would be the same school the children would attend; that they would go to school at the same time she did, and she would be home when school was out in the afternoon. Mrs. Wolf further testified that the children have gone to Sunday School with their mother when she had them on her weekends.

Plaintiff argues with much force that the court erred in awarding the custody of the children to defendant. He says that the evidence shows her unfitness to have the care and control of these minor children. It is true that some of the testimony, although denied by defendant, is very damaging to her. On the other hand, it appears that plaintiff, by his own admission, had been dating two different women since the separation.

■ "The fact that either party prevails in a divorce case is not the determining factor in awarding the custody of the children involved. * * * The determinative factor in awarding custody [of the children] is the welfare of the child. * * It is quite naturally considered that very young children and particularly girls should be in the custody of their mother unless she is demonstrably unfit to assume their proper care." McKenzie v. McKenzie, 306 S.W. 2d 588, 591, Mo.App.

In the case of Paxton v. Paxton, Mo.App., 319 S.W.2d 280, this court reviewed very thoroughly the law relating to the custody of minor children. We there said: "Courts have said, at various times, that, all things being equal, custody should be granted to the mother, especially as to very young children, and as to girls." Further, "[a]ll things being equal, the courts are the more inclined to feel that the proper place for minor children is with the mother * * *."

Prior to the separation on January 27, 1964, these children have been under the care of their mother. She attended all the school conferences with the teachers and the P.T.A. meetings. The record does not show anything but love and affection on the part of defendant for the children.

In the *Paxton* case we said that custody of a child is neither to be given as a reward to one parent, nor yet is it to be withheld as a punishment to the other parent. We further said that in groping for the proper answer as to what is best for the child these ultimate questions must be considered:

"What kind of home life would the mother provide, and what kind can the father provide and continue to work?" The record shows that at the time of the trial defendant was living in a modern home and was not employed. She would be present with the children when they were not in school.

"How old are the children and who has actually, week by week reared them during the first years of their lives?" The children are now ten and nine years of age. Throughout the nine and eight year periods, prior to the separation, the mother had the opportunity and actually reared the children.

■ There are many decisions which hold that what is for the best interest and welfare of the children is within the sound discretion of the trial court. McKittrick v. McKittrick, 227 Mo.App. 1002, 60 S.W. 2d 671; Ramos v. Ramos, Mo.App., 232 S.W.2d 188. Under these decisions we are not authorized to disturb the decree of the trial court in this respect, unless there is present a clear abuse of such discretion.

And this we do not find in the record before us.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.