Edward H. ACKFELD, Jr., Plaintiff-Respondent,

v.

Donna Lee ACKFELD, Defendant-Appellant.

No. 34202.

Missouri Court of Appeals, St. Louis District, Division One.

July 18, 1972.

 

Testimony was adduced at trial showing that Donna was guilty of misconduct with other men during her marriage to Edward. Mr. Randall E. Sanders testified that he had sexual intercourse with Mrs. Ackfeld on two occasions while she was married to Mr. Ackfeld. Donna Ackfeld admitted having intercourse with Sanders on one occasion when the Ackfeld's two children were present in the house, though apparently asleep in another room. She denied having sexual relations with Sanders at any other time.

Linda McClinton, a friend of the Ackfelds, testified that Donna told her of having intercourse with Sanders and one Vernon Wetzel, a married man and father of four children. Mr. McClinton testified further that Donna would often boast of Wetzel's sexual prowess. Mrs. McClinton and her husband both told of finding Donna in her home one morning with Wetzel and another couple at which time Wetzel told them he had spent the night. Donna denied that Wetzel spent the night or that she had sexual relations with him but testified that she went water skiing with him that day.

Donald V. Fraser, Jr., St. Louis, for defendant-appellant.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Paul Brackman, Clayton, for plaintiff-respondent.

BRADY, Chief Judge.

On July 30, 1970 the plaintiff, Edward Ackfeld, filed suit against his wife, Donna Ackfeld, seeking a divorce and custody of the two minor children of the parties. Defendant filed a cross bill for divorce and custody of the children. Trial of the case resulted in a judgment of divorce for plaintiff who was also awarded custody and control of the minor children, Wanda Marie and Angela Lee Ackfeld. Defendant appeals the custodial award.

Edward and Donna Ackfeld were married September 30, 1967. Both Edward and Donna were eighteen years old at this time. It was Edward's first marriage and Donna's third. The parties separated in May, 1970.

The evidence indicated that just prior to the couple's separation Donna went bowling and to cocktail lounges with girl friends on several occasions, not returning until early in the morning. These events caused Edward to leave and find an apartment of his own. After the separation the children lived with Donna. During this time Edward testified that on two occasions, once when he was coming to get the children and once when he was returning them, he found Donna alone in the house with different men. Mr. Ackfeld had no complaints about Donna's housekeeping or care of the children either before or after the separation.

Donna admitted having been in various taverns on numerous occasions since the

separation. She said she would go there to cash her pay checks and eat after work; and on week ends she would go there in groups with other men and women. Donna further testified that the children seemed very happy with her, and friends of Donna said that she was a good mother and housekeeper and that living conditions at her home were good. Testimony which was objected to as immaterial indicated that Donna's mother had been married four times and had nine children, that Donna's brother Charles had been hospitalized for glue sniffing, and that her sister Brenda has had a problem with drugs. There was also testimony that Donna's mother spent considerable time around Angela and Wanda, that she may baby sit for the two children in the future, and that Brenda frequently watched the children.

If granted custody Edward Ackfeld planned to live with the two chidren at his parents' home where the children would have their own room. Edward's parents approved of this arrangement. The children would stay with Edward's sister-in-law, Sharon, during the day while he worked. Sharon is 28, married and has three children. She has agreed to assume this responsibility. Donna herself testified that Sharon Ackfeld kept a nice home and took care of her own children. The children would attend school a short distance from Sharon's home.

Donna planned for the children to live with her and attend a public school near her home. The two girls would have a bedroom of their own and have a yard to play in. Donna planned to have her sister Ronnie, 16, live with her and watch the children while she worked. Donna begins work each day shortly after Ronnie arrives home from school.

Mrs. Elise Lacher, a case worker for the St. Louis County Circuit Court, made a study of the children and parties in this case. Mrs. Lacher spent forty-five minutes to an hour at the home of Edward's parents, approximately thirty minutes at Sharon Ackfeld's home, and fifteen to twenty minutes at Donna Ackfeld's home. According to Mrs. Lacher she did not interview Ronnie because there was no plan to have her take care of the children prior to the completion of her report. Mrs. Lacher stated that while both homes were adequate from a material standpoint and that while both parents on their own would be comparable in caring for the children, there would be a more stable atmosphere for raising the two minor children in the home of Edward's parents.

There are no precise rules to follow in matters involving the custody of minor children of divorced parents, and each case must be judged on its own facts with the children's welfare controlling the outcome. Garrett v. Garrett, Mo.App., 464 S.W.2d 740; Wood v. Wood, Mo.App., 400 S.W.2d 431. The findings of the trial court, though not binding on this court which must review the record for itself, are nevertheless not to be lightly disturbed and will be deferred to unless the court is firmly convinced that the welfare of the children requires some other disposition. Hugeback v. Hugeback, Mo.App., 444 S.W. 2d 23; Leaton v. Leaton, Mo.App., 435 S. W.2d 408.

Missouri cases reiterate a principle that, other things being equal, custody of children of tender years, especially girls, should ordinarily be awarded to their mother. Payne v. Payne, Mo.App., 399 S.W.2d 619; Paxton v. Paxton, Mo.App., 319 S.W. 2d 280. However, courts are not unwilling to award custody to the father where the best interest of the children will be served thereby, even though the mother is a fit and proper person. M—— L—— v. M—— R——, Mo.App., 407 S.W.2d 600; Jaros v. Jaros, Mo.App., 395 S.W.2d 217; Tootle v. Tootle, Mo.App., 329 S.W.2d 218.

We are not convinced that the welfare of these two minor children requires a disposition different than that rendered by the trial court. There is ample evidence from which the trial judge could reasonably have found that the moral atmosphere in Donna's home would not be conducive to the proper rearing of young children. Though custody of minor children should not be used to award or punish either parent, it is proper to consider the moral fitness of persons seeking custody of minor children. Stockton v. Guthary, Mo.App., 415 S.W.2d 308. There was testimony that Donna had sexual relations with men other than her husband before and after her separation from Edward. There was further testimony by a professional case worker that there would be a more stable atmosphere for the childen in the custody of the father. The home environment is the single most important consideration in child custody cases. Rogers v. Rogers, Mo. App., 430 S.W.2d 305. The trial judge's conclusion may also have been influenced by the considerable time the children would have been entrusted to the care of Donna's sister who is only sixteen years old. The trial judge may reasonably have concluded that Sharon Ackfeld, twenty-eight years old and mother of three, could better care for the two children than could Donna's sixteen year old sister Ronnie.

Neither do we believe that the trial judge abused his discretion in admitting testimony concerning Donna's family background. The evidence revealed that the children had significant contact with Donna's family, and there is no reason to believe this will discontinue. The evidence was therefore material.

The judgment is affirmed.

WEIER and CLEMENS, JJ., concur.