Barbara N. RAY, Appellant,

v.

Robert L. RAY, Respondent.

No. 9910.

Missouri Court of Appeals,
Springfield District.

Feb. 23, 1976.

Motion for Rehearing and for Transfer
Denied March 10, 1976.

Application to Transfer Denied
May 5, 1976.

Nicholas R. Fiorella, Smith, Askinosie &
Fiorella, Springfield, for appellant.

William A. Wear and William A. Wear,
Jr., Wear & Wear, Springfield, for respondent.

Before BILLINGS, C. J., and TITUS and
FLANIGAN, JJ.

FLANIGAN, Judge.

In this proceeding for dissolution of marriage, appellant Barbara N. Ray attacks that portion of the decree which awarded custody of her son Rocky Lawrence Ray to his father, respondent Robert L. Ray.

The parties are the parents of two children, Tammy, who was born March 5, 1961, and Rocky, who was born May 22, 1968. The decree, which was entered on October 29, 1974, awarded custody of Tammy to

appellant and ordered respondent to pay appellant the sum of $125 per month for the support of Tammy. Custody of Rocky was awarded to respondent. Each parent was awarded "reasonable visitation rights" with respect to the child in the custody of the other.

Appellant and respondent are college graduates, each holding a master's degree. Appellant is a high school teacher and respondent is employed as a project engineer for a major corporation. His income substantially exceeds that of appellant.

Section 452.375 V.A.M.S. sets forth certain factors which the court must consider in determining custody "in accordance with the best interests of the child." But the statute states that the court must consider "all relevant factors" which include those specifically stated. See "Child Custody" by Prof. John M. Speca, 29 J. of Mo. Bar, 519 (1973) for an enumeration of other factors which may be considered.

"There are no precise rules to follow in matters involving the custody of minor children of divorced parents, and each case must be judged on its own facts with the children's welfare controlling the outcome." *Ackfeld v. Ackfeld*, 483 S.W.2d 614, 616[1] (Mo.App.1972). The findings of the trial court, though not binding on this court, are not to be lightly disturbed and will be deferred to unless this court finds that the welfare of the children requires some other disposition. *Ackfeld* at p. 616[2]; *Johnson v. Johnson*, 526 S.W.2d 33, 36[6] (Mo.App. 1975).

The trial court, in awarding each parent custody of one child, found both parties to be fit parents. *E.C.S. v. J.D.L.*, 529 S.W.2d 423, 425 (Mo.App.1975). Absent exceptional circumstances, the children of divorced parents should not be separated, but the trial court has the power to decree such separation if it is in accordance with the best interests of the children. *J. v. E.*, 417 S.W.2d 199, 203[7–8] (Mo.App.1967); *E.C.S. v. J.D.L.*, supra, at p. 426[5].

It would serve no useful purpose to summarize the lengthy transcript. Each parent claimed that the other is not a model parent and each made admissions lending support to the claim of the other. It is clear that each parent loves both children and is genuinely interested in their welfare.

This court is not confronted so much with inconsistencies in the evidence as it is with the difficult problem of determining what custody arrangement accords with the best interests of the children. Reluctant as it is to disturb the ruling of the trial court, this court has determined that both children should be with their mother.

Some of the factors, of varying importance, which have led to this conclusion, are: The mother does not work in the summer while the father does; the ages of the children; on occasion the father must make business trips; both children are in reasonably good health; though there is some degree of sibling rivalry, it does not appear to reach such an extreme that one child should be substantially deprived of the companionship of the other; the father appears over-protective of Rocky; for over a year prior to the trial the father slept with Rocky in a twin bed for alleged reasons not wholly convincing, and he continues to do so.

The record does not support a showing of "exceptional circumstances" which would justify separate custody.

Appellant requested child support in the amount of $350 per month if she were awarded custody of both children. Rocky is younger than Tammy but he requires medical attention for an asthmatic condition. This court finds that $125 per month is a reasonable amount for the support of Rocky.

The judgment is reversed and the cause remanded with directions to the trial court to amend its decree so as to award custody of Rocky Lawrence Ray to appellant, to require respondent to pay appellant the sum of $125 per month for the support of Rocky Lawrence Ray commencing upon the transfer of his custody to appellant, and to grant respondent the right of reasonable

visitation with respect to said child.   The decree in all other respects is affirmed.

All concur.