647 S.W.2d 895 (1983)
C.A.Z., Petitioner-Appellant,
v.
D.J.Z., Respondent.
No. 12795.
Missouri Court of Appeals, Southern District, Division One.
February 10, 1983.
Motion for Rehearing to Transfer Denied February 28, 1983.
Dale H. Close, Richland, for petitioner-appellant.
Janice P. Noland, Camdenton, for respondent.
Motion for Rehearing to Transfer to Supreme Court Denied February 28, 1983.
*896 GREENE, Chief Judge.
This appeal is from a decree of dissolution of marriage which, among other things, awarded custody of two minor children of the marriage to the mother, and the third child to the father. On appeal, the father contends that 1) the custody award was contrary to the weight of the evidence, 2) there were no exceptional circumstances which justified splitting custody of the children, and 3) it is in the best interest of the three children that their custody be awarded to him.
Our review is limited to the standard mandated by Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976), and we should sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. In child custody cases, the trial court is vested with broad discretion, and unless the appellate court is firmly convinced that the welfare of the children requires some disposition other than that made by the trial court, its judgment should stand. Chastain v. Chastain, 632 S.W.2d 291, 292-293 (Mo.App.1982). Absent exceptional circumstances, the children of divorced parents should not be separated. The trial court does have the discretion to order such separation, but only if it is in the best interest of the children. Ray v. Ray, 535 S.W.2d 267, 268 (Mo.App.1976).
Paragraphs 1 and 2 of § 452.375, RSMo, Supp.1982[1] set forth the factors to be used in determining child custody. Each case involving custodial provisions for children must be judged on its own facts, with the question of the children's welfare controlling the outcome. Ackfeld v. Ackfeld, 483 S.W.2d 614, 616 (Mo.App.1972). Although specific findings of fact and conclusions of law were requested by petitionerfather prior to trial, as authorized by Rule 73.01,[2] the record does not show that the trial court made any. The judgment, entered on May 14, 1982, does not recite that the division of custody is in the best interest of the children. The trial court evidently thought so, since it entered the judgment in question.
Since we have no findings of fact to review, to see if they are supported by substantial evidence, we have searched the entire record and find the relevant facts as follows. C.A.Z. and D.J.Z. were married on September 17, 1971. Three daughters were born of the marriage, K., age 10, B., age 7, and A., age 2½. Shortly after the birth of the youngest child, Mrs. Z. commenced an illicit sexual liaison with Mr. S. D.J.Z. was not sure what his first name was, but "everyone calls him Jake." She entered into the relationship with "Jake", because "I was revengeful", and continued the affair for four or five months. In June of 1981, Mrs. Z. met S.K., who evidently is a soldier stationed at Fort Leonard Wood. They dated, and in the process, frequented taverns in the Fort Leonard Wood area.
C.A.Z. and D.J.Z. separated on August 17, 1981, when the wife left the little girls with a baby-sitter and met her boyfriend. He took her to Lexington, Missouri, where she rented a house. C.A.Z. filed a petition to dissolve the marriage two days later. He asked for custody of the children.
Between the date of the separation and the hearing on the divorce petition, which date was March 5, 1982, S.K. visited D.J.Z. *897 on many occasions. He had sexual relations with her, and stayed all night at least a dozen times when the children were visiting their mother. Sometimes the children would wake up before S.K. and D.J.Z. did, and would come into the bedroom the two were sharing. When asked to explain such conduct, the wife said, "Our children knew that my husband had filed for divorce and I didn't feel like I had to hide my friends." At the time of the hearing, the wife was employed at Matco, a discount store, from 11 a.m. to 7 p.m. She worked five days a week, and left the children, when she had them on visitation, with a baby-sitter while she worked or went out. Mrs. Z. testified that if she was given custody of the children, she could "change jobs", and that she would not continue her relationship with S.K. Several witnesses, who were Mrs. Z.'s mother, sister, and a close friend of Mrs. Z.'s mother, testified that D.J.Z. was a good housekeeper and took good care of the children when she had them.
The evidence shows that Mr. Z. is a farmer and an independent truck driver. He is gone from home on truck hauls one or two days a week. His mother and father, as well as a lady he has hired, take care of the children while he is working. He cooks, cleans house and takes care of the children when he is home. Several witnesses testified that the children were clean, happy, and well adjusted while in his custody.
A clinical psychologist testified that he had examined Mr. Z. and the two oldest girls. He found no reason why the father would not be able to properly care for the girls. It was his opinion that the oldest girl was very strongly inclined to stay with her father, that the two oldest girls were very close, and that it would not be wise to separate them. A home study report, prepared by the Camden County Division of the Department of Social Services, and introduced into evidence without objection, found that 1) Mr. Z.'s home, where he was keeping his daughters, was "extremely clean", 2) the two older girls wanted to remain with their father, 3) the girls did not like where their mother lives (Lexington), who she lives with, or the friends she associated with, 4) the girls wanted to remain in their present school with their friends, 5) the girls loved the farm and their horses, 6) the girls loved their relationship with their grandparents (Mr. Z's parents) who assisted in their care, and 7) they liked the lady who cared for them when their father was not there. The report recommended that the best interests of the three children would be served if their custody was placed with the father.
While a home study was made of Mrs. Z.'s present home, it was not placed in evidence by her attorney.
The facts indicate no exceptional circumstances dictating separation of the children. Further, there was no substantial evidence to justify granting custody of any of the children to the mother. There was substantial evidence that the welfare of the three children would be best served by granting their custody to the father, and all relevant factors, including those set forth in § 452.375, indicate that the trial court should have placed custody of the three children with their father.
The judgment of the trial court is reversed and the cause is remanded with directions to set aside all portions of the judgment entered on May 14, 1982, which relate to custody of the children, visitation rights, and child support, and, in lieu thereof, to enter an amended judgment awarding custody of the three minor children of the parties to C.A.Z., and to award D.J.Z. reasonable visitation rights with said children. Those portions of the judgment dissolving the marriage and dividing the marital property were not attacked on appeal and are upheld.
FLANIGAN, P.J., and TITUS and CROW, JJ., concur.
NOTES
[1] "1. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;
(2) The wishes of a child as to his custodian;
(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;
(4) The child's adjustment to his home, school, and community; and
(5) The mental and physical health of all individuals involved.
2. As between the parents of a child, no preference may be given to either parent in awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or sex of the child."
[2] Missouri Rules of Court, V.A.M.R.