In re the MARRIAGE OF Verlee G. MIHALOVICH and William Joseph Mihalovich.

Verlee G. MIHALOVICH, Petitioner-Appellant,

v.

William Joseph MIHALOVICH, Respondent-Respondent.

No. WD 34497.

Missouri Court of Appeals, Western District.

Oct. 18, 1983.

Vance R. Frick, Kirksville, for petitioner-appellant.

William D. Farrar, Roberts & Farrar, Kirksville, for respondent-respondent.

Before CLARK, P.J., and KENNEDY and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

In this appeal from a dissolution of marriage decree the wife contends the trial court erred in the division of marital property and also erred in custody placement of the children. We affirm in part, reverse in part and remand the case for further proceedings.

The parties were married in April, 1968 and separated in March, 1981. Three children were born, Darrin, Dusti and Nicola aged 12, 10 and 2 respectively as of the date of trial. The decree awarded custody of Darrin to the husband and custody of the other two children to the wife. Some marital assets consisting of personal property valued at approximately $15,000.00 were divided in the ratio of one-fourth to the wife and three-fourths to the husband. Under the unique circumstances of this case, the wife being unemployed outside the home and the husband being unemployed and effectively unemployable, no orders were made for maintenance or child support. No issue is taken on this appeal with the finding that the marriage was irretrievably broken or with the absence of support orders.

The interest which the parties owned in certain real estate was not valued and as will hereafter appear, that interest represented the greatest proportion of the marital property subject to division. The first issue, the wife's claim of an unjust and inequitable division of property, requires discussion of this unvalued and partially omitted marital asset.

Prior to the summer of 1980, the parties operated an 80 acre family farm which they owned in Adair County. Mortgage debts against the real estate consisted of three notes, each secured by deed of trust, with a total principal balance of approximately $46,000.00. In June, 1980, the husband suffered an injury to his cervical back. The circumstances of the accident do not appear in this record but the result was a permanent disability consisting of paralysis below the chest level. The husband is confined to a wheelchair and requires assistance for even minimum activity. His total income consists of $521.00 in monthly social security payments.

In September, 1980 before the parties separated and apparently without contemplation of the breakdown of the marriage, the wife's parents, Clarence and Leola Lipper, entered into an arrangement with the parties to relieve them of the mortgage payment obligations on the 80 acre farm. The terms were set out in a document filed of record and titled "Contract and Lease Agreement." In return for conveyance to them of the farm, the Lippers assumed the outstanding mortgage debt and granted to the Mihalovichs a lease of the house "and surrounding grounds" rent free for a term of fifty years. Not mentioned in the contract but set out in another document signed and placed of record was an option granting an irrevocable right to the Mihalovichs to repurchase the farm during a like period of fifty years for the price of the mortgage debts assumed by the Lippers as such balances stood in September, 1980. The contract expressly defined the fair rental value of the house to be $200.00 per month.

By its dissolution decree, the trial court set off to the wife numerous items of household goods, some cash and concluded by assigning to her the rights of the parties under the contract with the Lippers. Each of the other assets was meticulously valued but no figure appears opposite the listing of the Lipper contract. In their briefs the parties disagree as to the significance of this value omission, the wife contending the rent free lease was of no value and the husband arguing that the benefit was worth at least $120,000.00 based on a monthly rental of $200.00.

The decree makes no mention of the repurchase option. Although it was undoubtedly a component of the transaction which vested the fee estate in the Lippers, the contract which set forth the terms of sale includes no reference to an option. The decree may therefore not be construed as setting off the option to the wife as an

incident of the "Contract and Lease Agreement." Indeed, the wife concedes as much when she argues that the rent free lease is valueless because subject to peremptory termination if the option is exercised.

In addition the documentation of the option, as well as the contract, pose various questions of interpretation by reason of awkward and confusing language. For example, the option is stated to be irrevocable for a period of fifty years or "upon the death of the longest (sic) survivor of William J. Mihalovich or Verlee Mihalovich, whichever first occurs." The option is stated to be vested in both the husband and the wife, but is exercisable by either, subject to the condition that if both exercise the option, "said lands must be conveyed to them in equal interests." There is no restriction in either the contract providing the rent free lease or the option precluding sale and assignment of the parties' interests but, to the contrary, both include the statement that the agreements are binding on heirs, successors and assigns.

As this court has repeatedly held commencing with *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977) and continuing through *Fields v. Fields*, 584 S.W.2d 163 (Mo.App. 1979), *Glascock v. Glascock*, 607 S.W.2d 834 (Mo.App.1980) and *Potter v. Potter*, 621 S.W.2d 123 (Mo.App.1981), the direction of § 452.330, RSMo 1978 (Now § 452.330, RSMo Supp.1982) that the trial court set apart to each spouse his property, divide the marital property and value the property so set apart and divided, must be observed. Unless and until the trial court allocates the assets and establishes values, no meaningful review may be conducted on appeal where either or both of the spouses complains of the division.

The present case is a graphic illustration of the impediment to appellate review occurring when the trial court fails to conform its decree to the mandate of the statute in marital property division. It is, of course, preposterous to argue that the cost free right of tenancy in the farm dwelling for a term of fifty years has no value.[1] Conversely, there is no evidence in the record, apart from the arbitrarily assigned rental value in the contract, from which an accurate market appraisal of the lease value may be made.

A further complication is the option which is not only unvalued but is not set off by the decree to either spouse. The record contains no evidence as to the value of the 80 acre farm and, thus, the relationship of the mortgage debt and accordingly, the option price to the fair market value of the real estate is unknown. The option may or may not have a value depending on the present equity in the fee estate and an appraisal of appreciation expectations in farmland for the duration of the option term. In addition, the value of the option will be significantly affected by disposition of the rent free lease. If those interests merge, giving the optionee control of the lease, the option would obviously be enhanced in value. To the contrary, the option when burdened with the lease is diminished in value. This necessarily follows because, contrary to the assertion by the wife in her brief, a transfer of fee ownership in the farm, whether by exercise of the option or by a third party sale, does not impair the rights of the rent free tenant under the "Contract and Lease Agreement."

The wife's assertion on this appeal that the division of property was not fair and equitable cannot be adequately considered until the trial court has established values for the dwelling lease and the option and has set apart these assets in such manner as the trial court deems to be just under the factors stated in § 452.330, RSMo Supp. 1982. Only the trial court may, in the first instance, render this judgment. *Glascock v. Glascock, supra.*

---

1. The contract for the rent free lease is set at a fixed term of fifty years without restriction as to the natural lives of the Mihaloviches. The occupancy right would therefore be valued as transferable to subsequent purchasers for the full term and without discount by reason of death expectancy. Moreover, the contract obligates "Second Party" (The Lippers) to keep the premises in repair. Thus, the rent free lessee not only assumes no expense for taxes and insurance but is entitled to occupy the property free of any maintenance costs.

This case must be remanded to enable the trial court to value and allocate between the spouses the property interests discussed above. To this end, the trial court is empowered to vacate, modify or correct the aspect of the decree treating the subject of property disposition and, at its discretion, may reopen the record to receive such evidence as is appropriate to the subject.

In her point regarding child custody, the wife argues that awarding custody of the boy Darrin to the husband is an abuse of the trial court's discretionary authority over custody because there is no evidence of extraordinary circumstances warranting a separation of siblings but, to the contrary, the evidence conclusively demonstrated that the husband was physically incapable of providing any care for a child.

In the matter of determining child custody, the trial court is vested with broad discretion. It is in a better position to consider all the facts in evidence bearing on custody and unless the appellate court is firmly convinced the welfare of the children requires some other disposition, the trial court's decision should be affirmed. *Chastain v. Chastain,* 632 S.W.2d 291 (Mo.App. 1982). The appellate court does, however, have authority to examine the findings made by the trial court and reverse a custody award if not in the child's best interest. *CAZ v. DJZ,* 647 S.W.2d 895 (Mo.App.1983). Absent exceptional circumstances, the children of divorced parents should not be separated. *Ray v. Ray,* 535 S.W.2d 267, 268 (Mo.App.1976).

The record in the present case has been seined in an effort to ascertain what circumstances were considered by the trial court to justify deviation from the normal disposition in custody placement of siblings. In his findings, the trial judge announced no exceptional circumstances and his order yields no clue as to the basis for decision. The facts generally dictate a contrary result. The child expressed his personal preference to remain with the mother. Her suitability as a custodian is implicit in the award to her of custody of the other children. *ECS v. JDL,* 529 S.W.2d 423, 425 (Mo.App.1975). The accident which left the husband disabled effectively precludes him from any physical assistance in the care and upbringing of a child.

Having in view the authorities previously cited as to separation of children in divided custody awards and with no expression from the trial judge in this case as to any exceptional circumstances supporting an award of custody of Darrin to the husband, it necessarily follows that the award must be reversed and custody of Darrin placed with the wife. By this result, it is not to be concluded that the husband is deemed unfit as a custodian because of his physical incapacity or by reason of any other fact in evidence. The decision turns solely on the necessity to place the children in the same home and established policy that such is normally in the children's best interests.

The decree of August 30, 1982 is affirmed insofar as it orders dissolution of the marriage and awards custody of Dusti L. and Nicola R. Mihalovich. The award of custody of Darrin J. Mihalovich is reversed and the case is remanded for entry of an order awarding custody of Darrin J. Mihalovich to the wife and for further proceedings as to the valuation and division of marital assets as are consistent with this opinion.

All concur.