**Norman Lee DAVIS, Petitioner-Appellant,**

v.

**Alice DAVIS, Respondent.**

**No. 48967.**

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1985.

880

Charles P. Todt, Clayton, for petitioner-appellant.

Merle L. Silverstein, Clayton, for respondent.

KAROHL, Judge.

Petitioner husband appeals from the trial court's order of the division of marital property, the award of limited maintenance, the amount of child support, and the grant of custody of the parties' minor child to respondent wife.

Norman L. Davis and Alice Davis were married on December 30, 1970. Nine months later Norman adopted Margot, Alice's daughter by a previous marriage. On July 25, 1972, Micah Arnold Davis was born of the marriage. Micah died in 1981. Although the parties separated on May 23, 1983 Norman did not move from the family home until December 30, 1983. Margot continued to live with her mother in the family home. Norman saw Margot regularly, "three to four times a week; (for) dinner and casual visits during the weekends and during the week plus telephone calls back and forth several times a day."

At the time of the dissolution hearing Norman was 39, Alice, 40, and Margot, 15 years of age. The home was jointly owned by the parties. It was purchased in 1977 with the proceeds from the sale of the parties' first home. Alice had owned their original house but conveyed one-half of her interest in it to Norman.

Following the separation, Norman "paid all the household expenses ... that is, utilities, mortgage, food, clothing, dry cleaners, exterminators," and other daily expenses. After he moved out of the home, he continued to pay the mortgage, utilities, telephone bills, and some expenses for his daughter.

Norman is employed by the Monsanto Chemical Company of St. Louis with a current gross salary between $60,000 and $64,-000 per year. Alice has a B.A. from Washington University and is a certified elementary school teacher. She has also served as President of the University City School Board. Alice works part-time as a bookkeeper in her father's business and earns $500.00 per month. She also receives $200.00 per month in interest and dividends from various investments. Margot receives about $500.00 per month in interest and dividends from investments her parents made on her behalf and from a family trust fund.

Alice testified that she attempted full time employment but felt she had to limit her time away from the home in the interest of Margot. Margot and Alice have had regular psychological counseling since Micah's death.

Although Alice's Income and Expense Statement indicates $2,931.18 in monthly expenses for her and Margot, Alice stated that she "could get by on $2500 a month." Norman's Income and Expense Statement reveals monthly expenses in the amount of $3,199.00 with an average monthly income of $2,414.00. Norman testified that his take-home pay with mandatory deductions would vary between $3,000 and $3,500 a month.

The trial court determined the parties' marriage was irretrievably broken. Alice was granted general care, custody and control of Margot and Norman was granted privileges of visitation and temporary custody. Alice was also awarded: (1) $400.00 per month rehabilitative maintenance for a period of twenty-four months; (2) $500.00 per month child support for Margot; (3) $3,600.00 for attorney and appraiser's fees; (4) the family home which had a net worth of $113,500; and (5) other marital property for an aggregate award $123,000. Norman was awarded marital property valued at $86,000.

Norman claims trial court error in the division of marital property and the awarding of maintenance, child support, and custody of Margot to Alice. Our standard of review in a court tried case requires the affirmance of the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Further, the trial court's assessment of the credibility of the witness-

es, is entitled to deference. *Fausett v. Fausett,* 661 S.W.2d 614, 616 (Mo.App. 1983).

Appellant first contends that the trial court abused its discretion in its division of marital property. In particular appellant states that the court overvalued his membership in the Westwood Country Club and his ownership in an oil-well exploration partnership. Appellant further contends that the court awarded him an asset, a hot tub, which was sold during the marriage. The result of these errors, appellant contends, is to give respondent a disproportionate share of the marital property.

■ Appellant testified that his membership in the country club cost "more than Fifteen Thousand Dollars." Respondent said that she believed the cost was $20,000. Appellant testified that he bought a partnership in an oil and exploration fund for $10,000. No other value of the country club membership or the oil investment were given at trial. Appellant filed verified statements as to the current value of these two assets with the motion for new trial. As they were not part of the trial proceedings they need not be considered. *See Hopkins v. Hopkins,* 597 S.W.2d 702, 709 (Mo.App.1980). The value the court assigned to the country club membership and the oil well partnership was the only evidence before the court. This method of evaluation was not error. *Trunko v. Trunko,* 642 S.W.2d 673, 676 (Mo.App. 1982); *Beckman v. Beckman,* 545 S.W.2d 300, 301 (Mo.App.1976).

■ Appellant testified that he sold the hot tub for $1,650 and used that money to pay the parties' daily expenses, weekly expenses and taxes for that year. The trial court awarded the proceeds of the sale to appellant as part of the division of marital property. The fact that appellant used those funds to meet his obligations to support his family does not make the property distribution unjust. *See Bland v. Bland,* 652 S.W.2d 690, 692 (Mo.App.1983). The effect of the court order was to recognize what had in fact occurred.

■ Appellant argues that when the property is valued in the manner adopted by the trial court respondent receives more than a fair share of the property. The trial court's division of marital property need not be equal, but only just and equitable. *Geldmeier v. Geldmeier,* 669 S.W.2d 33, 34 (Mo.App.1984). Distribution of marital property will not be disturbed in the absence of a showing of an abuse of discretion. *Roberts v. Roberts,* 652 S.W.2d 325, 330 (Mo.App.1983). We find no error in the trial court's award of the family home to respondent recognizing her economic circumstances and fullfilling the legislative mandate set forth in § 452.330.1(3) RSMo Supp.1984 of awarding the family home, or at least a right to live therein, to the party having custody of the minor child. *See Brown v. Brown,* 664 S.W.2d 268, 269 (Mo. App.1984). Nor is there error in the distribution of other assets. The record is devoid of alternative value evidence on the assets awarded to appellant.

■ Appellant next contends that the trial court erred in awarding respondent rehabilitative maintenance because respondent is able to provide for herself. A court may grant maintenance only if it finds the spouse seeking maintenance lacks sufficient property, including marital property to provide for his reasonable needs and is unable to support himself through appropriate employment or has custody of a child whose condition or circumstances make it appropriate that the custodian not seek employment outside the home. § 452.335 RSMo 1978; *Wachter v. Wachter,* 645 S.W.2d 111, 113 (Mo.App.1982). "The determination of the trial court with respect to allowance and amount of spousal maintenance is discretionary, and appellate review is only to determine if the trial court has abused its discretion." *Hogan v. Hogan,* 651 S.W.2d 585, 587 (Mo.App.1983).

■ Respondent testified that she would return to full time employment at the latest when her daughter started college. Respondent has delayed seeking full time employment because of her concern for her daughter's adjustment to the death of her

brother and the poor job market for teachers. The trial court's award of $400.00 maintenance per month for twenty-four months gives respondent time to find adequate employment. The presence of the minor child in respondent's care justifies the award. § 452.335 RSMo 1978. There was no abuse of discretion in the award of maintenance.

■ Appellant's third contention is that the trial court erred in awarding child support in the amount of $500.00 per month because it exceeded appellant's ability to pay and the child has considerable resources which were apparently not considered. The amount of child support awarded rests within the sound discretion of the trial court. *Larison v. Larison*, 524 S.W.2d 159, 161 (Mo.App.1975). We defer to that court's judgment unless "the evidence is 'palpably insufficient' to support it." *In re Marriage of D.M.S.*, 648 S.W.2d 609, 612 (Mo.App.1983). The evidence before the trial court supports its judgment.

■ Section 452.340 RSMo 1978 sets forth the factors the trial court should consider in determining the amount of child support: (1) the father's primary responsibility for support of his child; (2) the financial resources of the child; (3) the financial resources of the custodial parent; (4) the standard of living the child would have enjoyed had the marriage not been dissolved; (5) the physical and emotional condition of the child and his educational needs; and (6) the financial resources and needs of the non-custodial parent. The evidence indicates that Margot receives about $6,000 per year in dividends and interest and did so during the marriage. There is no reason to believe that the trial court did not consider this in addition to the other factors set forth in the statute when making the child support award. The dividend income is evidence of both the financial resources of the child and the standard of living she would have enjoyed if the marriage was not dissolved. When these two factors are balanced with the physical and emotional condition of the child, the father's responsibility for support and the financial resources of the father no abuse of discretion is shown in the trial court award of $500.00.

■ Appellant argues that he cannot afford to pay the child support. His income and expense statement demonstrates that he gives a considerable sum each month to charity and spends $600.00 on his own recreation. In addition he testified that the monthly deductions for federal taxes exceeds the amount necessary to pay the taxes. When only mandatory deductions are considered his take home pay is between thirty-one and thirty-two hundred dollars per month. His expenses including charity and recreation come to thirty-two hundred dollars. The trial court did not abuse its discretion in requiring appellant to pay $500.00 in child support which is an increase of only $160.00 from the expense listed on his statement of income and expenses.

Appellant's final complaint is that the trial court erred in awarding primary custody of Margot to respondent. Appellant maintains that joint custody is in the best interest of the child and that the parties are in essential agreement regarding her upbringing.

■ The trial court is vested with broad discretion in determining child custody. *In Re Marriage of Mihalovich*, 659 S.W.2d 798, 801 (Mo.App.1983). It is in a better position to consider all the facts in evidence bearing on custody and unless the appellate court is firmly convinced the welfare of the child requires some other disposition the trial court's decision should be affirmed. *Chastain v. Chastain*, 632 S.W.2d 291, 292–293 (Mo.App.1982). The appellate court has the authority to examine the trial court findings and reverse the custody award if it is not in the child's best interests. *Mihalovich*, 659 S.W.2d at 801; *See C.A.Z. v. D.J.Z.*, 647 S.W.2d 895 (Mo. App.1983).

■ Although appellant has demonstrated his willingness and desire to have joint custody of the parties' daughter, respondent's testimony that the parties

would not be able to agree on the issue of the child's education support the trial court's award of custody to one parent. The respondent agreed that the daughter would have the right to choose as much time as she wants to spend with her father. Appellant has failed to show that primary custody with respondent is not in Margot's best interest.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.