**Catherine Marie WHITESIDE, (Now Catherine Marie Buxton), Plaintiff-Appellant,**

v.

**Rickie Allen WHITESIDE, Defendant-Respondent.**

No. 13864.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 1985.

Ronald J. Fuller, Rolla, for plaintiff-appellant.

Sidney T. Pearson III, St. James, for defendant-respondent.

MAUS, Judge.

The trial court modified a decree of dissolution by changing the custody of two daughters from the mother to the father. The mother has appealed. A sketch of the facts follows.

The parties were married June 8, 1974. The marriage was dissolved October 7, 1982. At the time of the dissolution, their two daughters were aged six and two. Both were placed in the custody of the mother. The father was granted reasonable visitation.

In the late fall of 1982, the mother asked the father to assume custody of the older daughter. The reason given was that the two girls quarrelled and fought. Initially, the father refused because he did not want to separate the sisters. Upon a second request, he agreed upon condition the decree be accordingly modified. The older daughter went to live with the father in January, 1983.

The wife caused a proposed stipulation to be prepared upon terms that had not been agreed to by the parties. In November of 1983, the father filed a motion to modify seeking an award of custody of both children. In December of 1983, the older daughter went to her mother's for a weekend visit. She was not returned to her father.

Then, in March of 1984, without prior arrangement or notice, the mother deposited the older daughter in front of the father's home. She has lived there since that time. Following a hearing on June 22, 1984, the trial court placed custody of both daughters with the father, the mother to have reasonable visitation.

The judgment of the trial court is to be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Further, "In the matter of determining child custody, the trial court is vested with broad discretion. It is in a better position to consider all the facts in evidence bearing on custody and unless the appellate court is firmly convinced the welfare of the children requires some other disposition, the trial court's decision should be affirmed." *In re Marriage of Mihalovich*, 659 S.W.2d 798, 801 (Mo.App.1983). Although the trial court did not make specific findings of fact on the issue of custody, the evidence must be considered most favorably to the result reached. *M. v. M.*, 688 S.W.2d 384 (Mo. App.1985).

The mother contends the evidence was insufficient to support the modification in four respects. She first contends there was no evidence of a substantial change in the circumstances of the children. At the time of the hearing the older daughter, at the insistence of the mother, had lived with the father for approximately 14 months. It was the mother's opinion it would be in the child's best interest if the child was placed in the custody of her father. This alone demonstrates the mother's first contention has no merit.

Her next contention, that there was no evidence the change in custody was in the best interest of the children, is also readily

refuted by the record. The most compelling evidence was the mother's opinion referred to above. There was evidence the older child did not get along well with the mother's new husband. Further, the trial court was entitled to consider the mother's attitude. This was demonstrated by her conduct in the manner in which she returned the older child to her father in March of 1984. On that occasion, without prior arrangement or notice, she merely deposited the child and her belongings in front of the father's home. The child was observed walking to the house with her satchel in hand. A note of explanation was later found in some luggage. Also for consideration by the trial court was the mother's conduct in denying the father visitation with the younger child. It was also her opinion that the father had the resources to properly care for, support and educate the younger child and would do so to the best of his ability.

The mother's next contention is that the evidence established the father's home would not be a proper environment. This was based upon the fact that it was anticipated during the summer months, during working hours, the children's baby-sitter would be the stepmother's 17-year-old brother. There was not the slightest evidence to establish he would not be a suitable supervisor. This argument is belied by the mother's unequivocal opinion concerning the father's ability to provide a suitable home for the children.

▓ Lastly, the mother contends the trial court improperly considered the interrelationship of the two children. "The court shall consider all relevant factors including: ... [t]he interaction and interrelationship of the child with ... his siblings ...." § 452.375.2(3), RSMo (Supp 1984). It is the long established rule that absent exceptional circumstances, siblings should not be separated. *C.A.Z. v. D.J.Z.*, 647 S.W.2d 895 (Mo.App.1983); *Ray v. Ray*, 535 S.W.2d 267 (Mo.App.1976); *Kimble v. Kimble*, 399 S.W.2d 630 (Mo.App.1966); *Davis v. Davis*, 354 S.W.2d 526 (Mo.App.1962); *Fisher v. Fisher*, 200 Mo.App. 344, 207

S.W. 261 (1918). There was evidence of some incompatibility and "fighting" between the sisters. This conduct was not shown to be extraordinary. It may be appropriately observed, "though there is some degree of sibling rivalry, it does not appear to reach such an extreme that one child should be substantially deprived of the companionship of the other; ...." *Ray v. Ray*, supra, at 268. There was evidence from which the trial court could conclude, "Certainly, further tragedy should not be visited upon these children by separating them, but they should be permitted to continue as [sisters] in the same household sharing their childish joys and sorrows and benefiting from those natural ties of interest and affection which [sisters] have a right to nurture and enjoy." *Davis v. Davis*, supra, at 531.

▓ The decree of modification was supported by substantial evidence. There is no evidence upon which this court could raise a firm belief the trial court was wrong. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.