**Mary Ann WILLENBRINK, Appellant,**

v.

**Paul W. WILLENBRINK, Respondent.**

No. 51139.

Missouri Court of Appeals,
Eastern District,
Division Seven.

May 5, 1987.

Charles E. Bridges, St. Charles, for appellant.

Gorden D. Prinster, St. Charles, for respondent.

KAROHL, Presiding Judge.

This is a dissolution of marriage proceeding in which wife appeals on one ground. She claims the court erred in awarding husband 85% of the marital property because such division of marital property is against the weight of the evidence and erroneously applies the law. The underlying basis of wife's claim is that she contributed to acquisition of marital property, has the custody of a minor child, but was not awarded the family home or a right to live therein. She claims that her income is substantially less than husband's and that husband was guilty of misconduct during the marriage and she was not.

Parties were married on January 26, 1974, and have a daughter born July 4, 1974. In this fully contested proceeding a dissolution was granted in December 23, 1985.

Because of the general nature of the claim of error a brief summary of the decree of dissolution is necessary. Wife was awarded the primary care, custody and control of the minor child and $50 per week as and for child support. Neither party was awarded maintenance. The court found that real estate included a house which belonged to wife before marriage had a value net of indebtedness of $36,000 and awarded this real estate to wife. The court found that husband owned 30 acres of real estate before marriage. He deeded this property into the parties' joint names and thereafter they built a home on the proper-

ty having an additional value of $30,500. The court ordered this real estate with improvements to be the property of husband. The court found that the parties had at one time jointly owned $25,020.75 in deposits in banks and savings and loans. It found that husband's explanation for the absence of the deposits at the time of the hearing was not satisfactory and ordered husband to pay to wife $12,510.38 in cash. The court found as a fact that these funds came to husband from a worker's compensation claim based on injuries sustained during the marriage and from sources not shown in evidence, but which the trial court assumed occurred during the marriage. The court rejected husband's view that he used the proceeds of these accounts to repay his father for existing debts. The court awarded husband other items of marital personal property including a boat and boat motors, a travel trailer, three motor vehicles, a small bank account, some tools and other miscellaneous property. The court divided separate property according to its findings and awarded the property to the owner. Husband was ordered to pay $3,000 as partial payment of wife's attorney's fees and the costs of the proceeding.

At the time of the dissolution hearing husband was receiving $1318 per month income which included, $658 per month as a social security disability payment and $345 per month in respect of a settlement of a worker's compensation claim. The injuries were to the leg and back. Wife was employed as an activities director for a nursing home. The court found she earned $648.62 per month in wages and received $300 per month for rental of the real estate a total of $948.62 per month. The court valued items of real and personal property where there was evidence of value and awarded items of personal property assigning an unknown value where there was no supporting evidence. Under the decree wife received real estate known as "Boswell Avenue" having a net found value of $36,000, personal marital property having a value of $13,410, a total of $49,410. Husband received marital real estate having a value of $60,500 (including a $30,000 land value owned before marriage) and marital personal property having a value of $12,-510, a total of $73,010. The $12,510 may have been dissipated by husband while the parties were separated. Both parties were awarded separate personal property for which no values were found.

In her brief addressed to this court wife expressly waives any complaint about the division of personal property. These awards were very favorable to wife, especially the award of $12,510 in respect of joint bank accounts, and are relevant to the overall provisions in the decree.

Some of the facts involving the claim of error on division of marital real estate are not in dispute. At the time of marriage wife owned the "Boswell" property and never deeded it to herself and her husband. At the time of marriage husband owned 30 acres of land, the "Augusta property." During the marriage husband constructed a home on the property which the parties first occupied in 1978. In 1975, husband conveyed by quit claim deed the Augusta property into his and wife's names. This act created the factual dispute which is involved in the resolution of the present appeal.

Wife contends that she was entitled to the Boswell property as separate property and an interest in the Augusta property under the theory of transmutation based on agreement or gift. *Kramer v. Kramer,* 709 S.W.2d 157, 158–159 (Mo.App.1986). According to her argument, unless there is clear and convincing evidence to the contrary, the quit claim deed constituted what should be deemed a gift by husband to wife whereby the Augusta property was transformed into marital property.

An appellate court "must sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneous applies the law." *Sturgis v. Sturgis,* 663 S.W.2d 375, 379 (Mo.App. 1983). Further, the trial court's assessment of the credibility of witnesses is entitled to deference. *Davis v. Davis,* 693 S.W.2d 879, 881–882 (Mo.App.1985).

Husband responds by a legal and a factual argument. The legal argument is that a trial court's division of marital property

need not be equal, but only just and equitable. *Davis v. Davis*, 693 S.W.2d 879, 882 (Mo.App.1985). The factual argument is that his evidence, in the form of his own testimony, was that there was no intention to make a gift without wife also conveying her separate real property, Boswell Avenue, into joint names. The trial court found as a fact that it was "inclined to believe the testimony of respondent (husband) with respect to the marital home to the effect that there was no intention to make a gift of an interest in the property to petitioner (wife) without her also conveying her separate property (the Boswell Avenue property) into the joint names." Husband testified on this issue as follows:

Q. Why did you put the property in your and Mary Ann's name?

A. "Well, we both agreed on it. We talked about it several times. We talked about it and we went down...."

\*   \*   \*   \*   \*   \*

Q. Did Mrs. Willenbrink tell you that she was going to put the property on Boswell in your name?

A. Yes, sir.

\*   \*   \*   \*   \*   \*

Q. Did Mrs. Willenbrink tell you she was going to put the property on Boswell into your name?

A. Yes, we both agreed on it, yes.

Wife responds to husband's position by relying on the statute of frauds and *McKenna v. McKenna*, 607 S.W.2d 464, (Mo.App.1980). However, no defense based on the statute of frauds was presented to the trial court. Even if it were applicable husband's burden of proof was to overcome the presumption of gift by clear and convincing evidence. *Kramer v. Kramer*, 709 S.W.2d 157, 159 (Mo.App. 1986). In *Kramer*, we affirmed a determination of the trial court that husband did not overcome presumption of gift of a promissory note. In the present case we are to consider whether or not to affirm a decision of the trial court that husband did overcome the presumption. Accordingly what was said in *Kramer* is applicable. Credibility is for the trial court. *Id.* 159. If we accept the testimony of husband, as the trial court was entitled to do and did,

there is clear and convincing evidence that the quit claim deed on the Augusta property was intended to be in exchange for a reciprocal quit claim deed on the Boswell property which was not given rather than a gift. The agreement was for an exchange of interest not a unilateral gift.

Husband's position is not based upon a mistake of fact. For that reason wife's reliance on *Busby v. Busby*, 669 S.W.2d 597 (Mo.App.1984) is not applicable. There the evidence was both parties believed husbands' pre-marriage real estate was jointly owned when they built a house on the property. However, it was always titled in husband's name only. The evidence in the present case was that husband deeded by quit claim deed as part of a clear agreement which wife did not perform.

When viewed under the foregoing principles and conclusion the decree of the trial court had the net effect of granting wife her separate real estate having a value of $36,000 and husband his "reformed separate real estate" of $30,000. Husband then received marital real estate represented by the improvement of the home having a value of $30,500 and wife received cash from marital accounts which once existed, but did not exist at the time of the decree, in the amount of $12,500. Reduced to its simplest terms husband received marital real estate of $30,500 and wife received marital personal property of $12,510. When so compared wife received 29% of the marital assets for division as considered by the trial court.

We find no error of fact or law under § 452.330 RSMo Cum.Supp.1984 relating to a disposition of marital property. The decision of the trial court as a matter of fact and law is supported by substantial evidence.

We affirm.

GARY GAERTNER, J., concurs.

JAMES D. CLEMENS, Special Commissioner, dissents.