Marguerite TRN, Petitioner-Respondent,

v.

Robert TRN, Respondent-Appellant.

No. 52968.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 1988.

Susan M. Hais, Clayton, for respondent-appellant.

Robert M. Susman, St. Louis, for petitioner-respondent.

PER CURIAM.

Husband appeals from that portion of a dissolution decree awarding primary custody of the parties' 3–year old daughter to wife. We affirm.

The parties married in October 1976 and separated in January 1984. The daughter was born in November 1981. The parties had been separated 2½ years at the time of the decree, and during the separation they seemed to get along very well with regard to decisions affecting the child.

The court trial awarded primary custody to wife, made liberal temporary custody and visitation provisions for husband, and awarded wife $350.00 per month for child support. Husband contends the court erred in not awarding joint legal custody of the child to both parents. He does not challenge the support provision, or any other portion of the decree.

Section 452.375, RSMo 1986, the statute in effect at the time of trial and at the time of submission to us, authorizes an award of joint custody if it is in the best interests of the child. "Joint legal custody" means that the parents share in the decision-making rights, responsibilities, and authority relating to the health, education, and welfare of the child. Section 452.375.1(1), RSMo 1986.

"Under § 452.375, there is no presumption in favor of joint custody. *Joint custo-*dy is simply an option. *Kline v. Kline,* 686 S.W.2d 13, 15 (Mo.App.1984). The trial court is vested with broad discretion in determining child custody. *In re Marriage of Mihalovich v. Mihalovich,* 659 S.W.2d 798, 801 (Mo.App.1983). The trial court's findings on matters of custody will be upheld unless the appellate court is convinced that the welfare of the child dictates some other disposition. *Davis v. Davis,* 693 S.W.2d 879, 883 (Mo.App.1985)." *S.R. v. S.M.R.,* 709 S.W.2d 910, 915 (Mo.App.1986) (emphasis ours).

We have examined the record, and we cannot say the trial court abused its broad discretion in failing to award joint legal custody of the child to both parties. No error of law appears, and an extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.